CLD-199                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3660
_____

CHRIS WASHINGTON-EL,
Appellant

v.

JEFFREY BEARD, Secretary of Pennsylvania Department of Corrections, Sued in his
individual and official capacity; GEORGE PATRICK; RANDALL BRITTON; DEPUTY
SUPT. CLOSE; F. HARNETT; BRIAN COLEMAN; DEPUTY SUPT. BURNS;
DEPUTY SUPT. GATES; MICHAEL ZAKEN; ERIC ARMEL; CAPTAIN LEGGETT;
SHERWOOD HUGHES; STEPHEN BUZAS; FRANK LEWIS,
in their individual capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-01688)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 13, 2014
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: March 20, 2014)
_____

OPINION
_____

PER CURIAM

Chris Washington-El appeals pro se from an order of the United States District Court for the Western District of Pennsylvania, entering judgment in favor of the defendants in his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

In December 2008, Washington-El filed a complaint, which he amended several times, against numerous Department of Corrections ("DOC") officials and employees. His allegations can generally be divided into two categories: (1) due process claims related to his initial placement and continued confinement in administrative custody, and (2) constitutional challenges to the conditions of his confinement. The violations allegedly occurred while Washington-El was incarcerated at SCI-Houtzdale (June 2007 through February 2008) and SCI-Fayette (February 2008 through November 2009). Following a Magistrate Judge's entry of Reports and Recommendations, the District Court – in three separate orders – granted the defendants' motions to dismiss and their motion for summary judgment. After the District Court denied Washington-El's motion for reconsideration, he appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim

---

[1] The District Court rejected Washington-El's last remaining claims by final order and judgment entered on March 28, 2013. Washington-El filed a timely motion for reconsideration on April 10, 2013, see Fed. R. Civ. P. 59(e), thereby tolling the time for filing an appeal. Fed. R. App. P. 4(a)(4)(A)(iv). The District Court denied reconsideration on July 12, 2013. Washington-El submitted his notice of appeal to prison officials for mailing 27 days later, on August 8, 2013. See Fed. R. App. P. 4(a)(1)(A);

2

under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We review the District Court's decision on a motion for reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

On June 13, 2007, Washington-El was transferred from SCI-Graterford to SCI-Houtzdale, where, for the majority of his eight-month incarceration there, he was held in administrative custody.[2] He was placed on the Restricted Release List ("RRL") in

4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, the notice of appeal was timely as to both the denial of reconsideration and the order granting summary judgment. See Fed. R. App. P. 4(a)(4)(A)(iv). Moreover, we now also have jurisdiction to review the District Court's prior orders granting in part the defendants' motions to dismiss. See Head v. Chicago Sch. Reform Bd. of Tr., 225 F.3d 794, 800 (7th Cir. 2000) (holding that ruling on motion to dismiss which did not dispose of all claims was rendered appealable when District Court later entered summary judgment resolving all outstanding claims).

[2] With respect to Washington-El's claim that his initial placement in administrative custody at SCI-Houtzdale violated his due process rights, the District Court properly held that he lacked a protected interest in such placement. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (explaining that prisoners have no legitimate due process concerns in

January 2008, signifying that he could be released from administrative custody only upon prior approval of the Secretary of Corrections. In February 2008, Washington-El was transferred to SCI-Fayette, where his placement in administrative custody and inclusion on the RRL continued. In total, Washington-El was in administrative custody and/or included on the RRL during approximately 26 of the 28 months he was incarcerated in SCI-Houtzdale and SCI-Fayette.

Washington-El alleged that his continued administrative custody and RRL classifications violated his rights under the Due Process Clause of the Fourteenth Amendment. Assuming that the circumstances of his incarceration are sufficient to trigger procedural due process rights, Sandin v. Conner, 515 U.S. 472, 484 (1995), Washington-El has failed to demonstrate that he was not afforded proper due process protections. We have held that periodic review of inmates indefinitely confined to administrative custody meets due process requirements. Shoats v. Horn, 213 F.3d 140, 147 (3d Cir. 2000). Here, Washington-El was timely informed that he was placed in administrative custody and included on the RRL because he was considered an escape risk. In addition, his numerous challenges to his custody status, both formal and informal, were regularly reviewed by members of the Program Review Committee ("PRC") at SCI-Houtzdale and SCI-Fayette. See id. at 144 (holding that a prisoner who

_____

their prison classifications). We also note that a challenge to Washington-El's placement in administrative custody at SCI-Graterford, as well as other claims, is the subject of a separate action filed in the Eastern District of Pennsylvania. See Washington-El v. DiGuglielmo, E.D. Pa. Civ. No. 06-cv-04517.

was placed in administrative custody for eight years was afforded all the process he was due because "an 'informal, nonadversary review' at which the prisoner has the opportunity to state his views, satisfies the requirements of due process" (quoting Hewitt v. Helms, 459 U.S. 460, 472 (1983))). Moreover, the summary judgment record belies Washington-El's assertion that the periodic reviews were perfunctory, and thus inadequate. See Sourbeer v. Robinson, 791 F.2d 1094, 1101 (3d Cir. 1986) (holding that due process violation occurred where prison officials applied justifications for segregation in "rote fashion"). During those reviews, prison officials considered the status of an investigation concerning a possible escape plan involving Washington-El, reviewed the results of that investigation, assessed whether to recommend Washington-El for release to the general population, and responded to his arguments for release from administrative custody. Finally, it is difficult to conclude that review was not meaningful where, following Washington-El's contention that the investigation was being intentionally delayed, he was released from administrative custody for approximately two months.

We also agree with the District Court that Washington-El failed to exhaust his administrative remedies with respect to his remaining claims, all of which concern his conditions of confinement, rather than his continued placement in administrative custody. Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust their administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a). A prisoner must exhaust these

5

remedies "in the literal sense"; no further avenues in the prison's grievance process should be available. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The DOC has an Inmate Grievance System, which permits inmates to seek review of issues relating to their confinement, see DC-ADM 804, and a separate policy regarding Administrative Custody Procedures, which allows inmates to challenge initial and continued administrative custody placement, see DC-ADM 802.

An affidavit prepared by the DOC custodian of inmate grievance records indicated that, while confined at SCI-Houtzdale and SCI-Fayette, Washington-El appealed to final review eight grievances brought under DC-ADM 804. After thoroughly reviewing the record, we agree with the District Court that none of those grievances pertained to the conditions of confinement claims that he raised in the this lawsuit. Washington-El argued, however, that his remaining claims were administratively exhausted through grievances that he filed pursuant to DC-ADM 802. Importantly, however, the regulatory scheme that was in effect during the relevant time period provided that DC-ADM 802 governed challenges only to initial or continued confinement in administrative custody; DC-ADM 804 remained applicable to challenges unrelated to custody status.[3]

---

[3] DOC regulations provided "access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought." DC-ADM 804 § V (2004). But this general provision was subject to an exception which stated that "[i]nitial review of issues relating to the following

Washington-El also claimed that DOC officials advised him that he could not use DC-ADM 804 to grieve issues related to the conditions of his confinement in administrative custody. But such advice allegedly occurred in January 2011, after Washington-El had been transferred from SCI-Houtzdale and SCI-Fayette. Furthermore, while confined in those facilities, Washington-El did use DC-ADM 804 to challenge conditions of his administrative custody, other than those raised in his complaints.

Under these circumstances, we conclude that Washington-El failed to state a due process claim concerning his continued confinement in administrative custody and failed to exhaust his administrative remedies as to his conditions of confinement claims. In addition, we discern no abuse of discretion in the District Court's denial of the motion for reconsideration, as Washington-El's arguments did not serve "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779

---

Department policies shall be in accordance with procedures outlines therein[:] . . . DC-ADM 802, Administrative Custody Procedures." DC-ADM 804 § IV, ¶ H. The regulations pertaining to administrative custody, in turn, provided that "[a]n inmate may appeal the decision of the PRC concerning his/her initial confinement in [administrative custody] to the Facility Manager/designee" and thereafter "may appeal the . . . decision . . . to continue him/her in [administrative custody] . . . to the Office of the Chief Hearing Examiner." DC-ADM 802 § 2, ¶¶ C.1 and C.2 (2008). In 2011, after the relevant time period in this case, DC-ADM 802 was amended to provide that "[a]ll issues concerning an inmate's placement in [administrative] custody or the duration, *conditions or other circumstances* of his/her [administrative custody] status must be addressed through the procedures set for in this directive and may not be addressed through the procedures set forth in DC-ADM 801 [pertaining to disciplinary proceedings] or DC-ADM 804." DC-ADM 802 § 2, ¶ D.9 (emphasis added).

F.2d 906, 909 (3d Cir. 1985).  Therefore, we will affirm the judgment of the District

Court.[4]

---

[4] Washington El's Motion for Appointment of Counsel is denied.